UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| LAURIE RAYMOND, d/b/a A-1 TOWING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ROD R. BLAGOJEVICH, as Governor of the ) | |
| State of Illinois, ) | |
| and ) | |
| ) | |
| ILLINOIS COMMERCE COMMISSION, ) | NO. 03 C 50195 |
| EDWARD C. HURLEY, as Chairman of ) | |
| the Illinois Commerce Commission, LULA ) | |
| M. FORD, MARY FRANCES SQUIRES, ) | |
| KEVIN K. WRIGHT and ERIN ) | |
| O'CONNELL-DIAZ, all in their capacity ) | |
| as Commissioners of the Illinois Commerce ) | |
| Commission; and SCOTT WISEMAN, as ) | |
| Executive Director of the Illinois Commerce ) | |
| Commission, ) | |
| ) | |
| Defendants. ) | |

## AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

NOW COMES LAURIE RAYMOND, d/b/a A-1 TOWING, Plaintiff herein, by her attorney, Terry L. Deck, and complaining of Defendant Rod Blagojevich, Governor of the State of Illinois, and Defendant Illinois Commerce Commission, by its Chairman, Commissioners and Executive Director named above, and for this cause of action would respectfully show this Court the following:

1

## Nature of Action

1. This is a claim for declaratory relief pursuant to Fed.R.Civ.P. 57 and 28 U.S.C. Sect. 2201, and injunctive relief pursuant to Fed.R.Civ.P. 65, arising from the acts and/or omissions of the Defendants, in violation of and pursuant to the laws of the United States of America, specifically the United States Constitution, Art. I, Sect. 8, c.. 3, and Art. VI, and the Interstate Commerce Act, 49 U.S.C., Sect. 14501 (c)(1) and (2).

## Jurisdiction and Venue

2. Jurisdiction is invoked pursuant to Title 28 U.S.C. Sect. 1331. Venue is proper in this District pursuant to 28 U.S.C. Sect. 1391(b).

## Parties

3. Plaintiff, Laurie Raymond, is the owner and operator of a business known as A-1 Towing. Laurie Raymond, d/b/a A-1 Towing is located within the municipal boundaries of the City of Rockford, Illinois, and is in the business of towing motor vehicles illegally parked on private property.

4. Defendant, Rod R. Blagojevich, is joined as a defendant in his capacity as Governor of the State of Illinois.

5. Defendant Edward C. Hurley is joined as a defendant in his capacity as Chairman of the Illinois Commerce Commission.

6. Defendants Lula M. Ford, Mary Frances Squires, Kevin K. Wright and Erin

2

O'Connell-Diaz are each joined as defendants in their capacity as Commissioners of the Illinois Commerce Commission.

7. Defendant Scott Wiseman is joined as a defendant in his capacity as Executive Director of the Illinois Commerce Commission.

8. That Defendant Illinois Commerce Commission is made a party to this proceeding because it is the State governmental entity to which enforcement and administrative authority regarding application of the statute complained of below has been delegated.

### Facts

9. That the State of Illinois has enacted the "Illinois Commercial Relocation Of Trespassing Vehicles Law", 625 Illinois Compiled Statutes 5/18a, et. seq. This statutory scheme promulgates definitions, rules, requirements, etc., for towing businesses which remove vehicles illegally parked on private property and which are thereafter stored until reclaimed by the vehicle owner. A copy of 625 ILCS 5/18a is attached to this Complaint as exhibit "A."

10. Article I of the statute cited above delegates enforcement and administrative authority to the Illinois Commerce Commission (hereafter referred to as "the Commission"). The relevant language regarding this delegation, and defining the policy underlying the Statute, is as follows:

It is hereby declared to be the policy of the State of Illinois to supervise and

3

regulate the commercial removal of trespassing vehicles from private property, and the subsequent relocation and storage of such vehicles in such manner as to fairly distribute rights and responsibilities among vehicle owners, private property owners and commercial vehicle relocators, and for this purpose the power and authority to administer and to enforce the provisions of the Chapter shall be vested in the Illinois Commerce Commission. (625 ILCS 5/18a-101). (Emphasis added)

11. "Commercial vehicle relocator" is defined as " . . . any person or entity engaged in the business of removing trespassing vehicles from private property by means of towing or otherwise, and thereafter relocating and storing such vehicles." (625 ILCS 5/18a-100(1). Plaintiff is a "commercial vehicle relocator" within the meaning of the statute.

12. Article III of the Statute enumerates a number of unlawful practices for businesses engaged as commercial vehicle relocators. For example, the Statute makes it unlawful for a commercial vehicle relocator to operate such a business without a valid relocator's license, as provided for in Article IV of the Statute. (625 ILCS 5/18a-300(1)). The said Article also requires an "operator's employment permit," (625 ILCS 5/18a-300(2)) and a "dispatcher's employment permit," (625 ILCS 5/18a-300(3)), for various employees of the towing business. Article III also contains language governing many other aspects of a commercial relocating operation. These include, but are not limited to, the following types of requirements and/or prohibitions:

    a. Requiring the commercial vehicle relocator to include his or her relocator's license number in any advertising (625 ILCS 5/18a-300(6);

    b. Removal of the trespassing vehicle from the tow vehicle under certain,

4

      defined circumstances (625 ILCS 5/18a-300(9);

c. Prominent posting of Commission locations and telephone numbers, to which inquiries or complaints regarding the relocator can be sent (625 ILCS 5/18a-300(13) ;

d. Distribution of written information to owners of trespassing vehicles regarding ". . . relevant statutes, regulations and ordinances governing commercial vehicle relocators . . . . " (625 ILCS 5/18a-300(13.1);

e. Regulation of the number of miles a vehicle may be towed; (625 ILCS 5/18a-300(14);

f. Requirement of having an employee of the relocator available " at any time" on the premises owned by the relocator for the purpose of arranging the "immediate release" of a towed vehicle (625 ILCS 5/18a-300(15);

g. Waiver of all towing fees and storage charges if the vehicle owner is unable to contact the relocator within a certain, specified period of time (625 ILCS 5/18a-300(15);

h. Requirement that written notice, in the form of a sign or signs to be placed on property from which illegally parked vehicles may be removed, be provided. This section of the statute describes both the size and content of the sign or signs to be posted (625 ILCS 5/18a-302); and,

      i. Prohibition of acting as an "operator" without a valid operator's employment permit (625 ILCS 5/18a-304);

Plaintiff will contend that each of these requirements and provision are in violation of the Interstate Commerce Act in "Federal Preemption:49 U.S.C. Sect. 14501(c)," later in this Complaint.

    13. Article IV of the Statute describes the procedures and requirements for obtaining the commercial vehicle relocator's license, as required in Article III. The said Article IV also contains provisions for the granting, denial and revocation of "operator's employment permits" and "dispatchers employment permits." These requirements will also be set out in greater detail in the "Federal Preemption" section of this Complaint.

    14. Article V of the Statute describes requirements for posting of rates for towing and storing vehicles. Article VI describes the authority of the Illinois Commerce Commission to set application fees for relocator's, operator's and dispatcher's license applications.

    15. Article VII of the Statute describes the counties within the State of Illinois covered by the Act. Counties with a population of fewer than 1,000,000 may elect to be covered " . . . by the adoption of a resolution by the County Board, approved by a majority of its members, providing that the county shall be subject to this chapter. The county clerk shall certify to the Commission that the County Board has adopted the resolution. The Commission shall certify to such County Board an effective date for the applicability of this Chapter in such county." (625 ILCS 5/18a700(C)). For purposes of this

6

Complaint, Plaintiff states that the County of Winnebago, Illinois, has taken those measures described above to cause the Act to be enforceable in Winnebago County. Further, Plaintiff is informed, and reasonably believes, that the Act became applicable in Winnebago County on May 1, 2003.

<u>Federal Preemption: 49 U.S.C. Sect. 14501(c)</u>

16. The Interstate Commerce Act, United States Code, Title 49, Section 14501(c)(1) and (2) states as follows:

> Sect. 14501. Federal authority over intrastate transportation.
> (c). **Motor carriers of property.** **(1) General rule** - Except as provided in paragraphs (2) and (3), **a State, political subdivision of a State, or political authority of 2 or more States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier** (emphasis added). . . .or any motor private carrier, broker, or freight forwarder with respect to the transportation of property.
>
> (2) **Matters not covered.** - Paragraph (1) -
>     (A) **shall not restrict the safety regulatory authority of a State with respect to motor vehicles** (emphasis added), the authority of a State to impose highway route controls or limitations based on the size or weight of the motor vehicle or the hazardous nature of the cargo, **or the authority of a State to regulate motor carriers with regard to minimum amounts of financial responsibility relating to insurance requirements and self-insurance authorization** (emphasis added); and
>     (B) **does not apply to the transportation of household goods**; and
>     (C) **does not apply to the authority of a State** (emphasis added) or a political subdivision of a State to enact or enforce a law, regulation, or other provision relating to the price of for-hire motor vehicle transportation by a tow truck, if such transportation is performed without the prior consent or authorization of the owner or operator of the motor vehicle.

17. The Plaintiff is a "motor carrier" and/or "motor private carrier," as defined by

7

49 U.S.C. Sect. 13102(12) and/or (13). Tow trucks and/or wreckers are "motor vehicles" as defined by 49 U.S.C. Sect. 13102(14).

18. Further, the statute defines "State" as "the 50 States of the United States and the District of Columbia (49 U.S.C. Sect. 13012(18).

19. The Plaintiff alleges that the Illinois Commercial Relocation of Trespassing Vehicles Law, the contents of which are described in paragraphs 12, 13, and 15 above, constitutes a law, regulation, or other provision having the force and effect of law relating to price, route or service of a motor carrier. Specifically, the statutory sections described in this Petition have the force and effect of regulating, and effectively denying, the Plaintiff's ability to engage in the service of towing motor vehicles that have been illegally parked on private property.

20. Any provision of the State's Commercial Relocation of Trespassing Vehicle's Law regulating wrecker and towing services having the effect of regulating "price, route or service of any motor carrier" has been pre-empted by 49 U.S.C. Sect. 14501(c)(1) and (2) through the United States Constitution, Art. I, Sect. 8, cl. 3 and Art. VI. Any enforcement of the Law, whether by the Illinois Commerce Commission, which regulates "price, route or service" which the Plaintiff may engage in is unlawful and unconstitutional.

21. Specifically, Plaintiff contends that statutory provisions described at Paragraphs 12, 13 and 15 above have no connection to those limited areas of State regulation allowed by the Interstate Commerce Act. These cited provisions are not, for example, related to the "safety regulatory authority of a State with respect to motor

8

vehicles." (49 U.S.C. 14501(c)(2)(A). There are simply no provisions from the State statute outlined at paragraphs 12, 13 and 15 above that relate to vehicle safety. Rather, that these listed provisions effectively regulate the "price, route or service" of Plaintiff's business and, as such, are prohibited by the language of the Interstate Commerce Act

22. Plaintiff also contends that the licensing provisions of the Illinois Commercial Relocation of Trespassing Vehicles Law are also preempted by the language of the Interstate Commerce Act quoted at paragraph "16" above. By way of background, the Law complained of herein requires a commercial vehicle relocator to obtain a "relocator's license," before doing business in any county in which the Law applies. (625 ILCS 5/18a-300(1). The statute also describes the procedure for obtaining the license. The applicant must file a written application with the Illinois Commerce Commission (625 ILCS 5/18a-400). The Commission then assigns a hearing date, of which hearing date, the applicant is required to provide public notice. With regard to the granting or denial of such a license, the statute goes on to use the following language:

> The Commission shall issue a relocator's license to any qualified applicant therefor after hearing . . . **if it is found that the applicant is fit, willing and able properly to perform the service proposed and to conform to provisions of this Chapter and the requirements, rules and regulations of the Commission.** Otherwise, such application shall be denied.

23. Plaintiff argues that the language of the statute describing the application for and acquisition of such a relocator's license creates a licensing scheme prohibited by the Interstate Commerce Act. While the Act, for example, allows a state to regulate motor

9

carriers ". . . with regard to minimum amounts of financial responsibility relating to insurance requirements . . . ," (49 U.S.C. 14501(c)(2)(A)), the relocator's license effectively requires compliance with all of the relevant regulations and requirements contained in the State statute complained of. And this is especially significant given Plaintiff's argument above that the majority of these regulations are requirements which are preempted by federal law.

24. The Illinois statute challenged herein also requires the obtaining of "operator employment permits" and "dispatcher employment permits." (625 ILCS 5/18a-300(3)). An operator is defined as ". . . any person who, as an employee of a commercial vehicle relocator, removes trespassing vehicles from private property by means of towing or otherwise. It also includes the driver of a tow vehicle. (625 ILCS 5/18a-100(3). A dispatcher is " . . . any person who, as an employee . . . of a commercial vehicle relocator, dispatches vehicles to or from locations from which operators perform removal activities. (625 ILCS 5.18a-100(6).

25. The procedure for application and acquisition of such permits is also described in the statute. Following submission of a written application, the Commission conducts a criminal background check of the applicant. The Commission thereafter issues a "provisional" employment permit, unless the Commission determines that the applicant has committed a criminal offense for which such a permit could be revoked. (625 ILCS 5.18a-403(1),(2). Once again, it is Plaintiff's contention that the permit scheme for "operators" and "dispatchers" bears no relationship to those areas of State control of a

towing business allowed by the Interstate Commerce Act. Specifically, these permit requirements are not related to either the issue of vehicle safety or insurance coverage for the relocator. Just as with those regulations and requirements contained in Article III of the State statute, these licensing and permit schemes are, in effect, regulations of "price, route and service" and are, therefore, preempted by the Interstate Commerce Act.

26. Plaintiff further alleges that her conclusion that the State regulations in question are effectively consumer-protection oriented, i.e. related to "price, route and service," rather than to vehicle safety is supported by the language quoted from the State statute at Paragraph "10" above. That language, as already noted, defines the policy underlying the statute as follows: " . . . to fairly distribute rights and responsibilities among vehicle owners, private property owners and commercial vehicle relocators. . . . " This type of policy, and the statutory scheme created to enforce it, are clearly in violation of 49 U.S.C. Sect. 14501(c)(1)&(2).

## Relief Requested: Declaratory Relief

27. Plaintiff hereby realleges and incorporates paragraphs 1 through 26 as if fully set forth herein.

28. Plaintiff requests that this Court declare those sections of the Illinois Commercial Relocation of Trespassing Vehicles Law, specifically those sections of that statute described above in paragraphs 12, 13, 15 and 22-25 above, as well as any other sections of the said statute which have the force and effect of law, relating to the price,

11

route or service a motor carrier may engage in or provide, as the same are preempted by 49 U.S.C. Sect. 14501(c)(1) and (2).

Relief Requested: Preliminary and Permanent Injunction

29. Plaintiff hereby realleges and incorporates paragraphs 1 through 28 as if fully set forth herein.

30. As a result of the enforcement of the Illinois Commercial Relocation Of Trespassing Vehicles Law, regulating the price, routes and services that the Plaintiff may use or perform, Plaintiff has been restrained from engaging in or conducting towing services regarding vehicles which have been illegally parked on private property.

31. Plaintiff has no adequate or speedy remedy at law for the above-mentioned conduct of Defendants herein, and this action for injunctive relief is Plaintiff's only means for securing relief. As such, Plaintiff requests a preliminary injunction and a permanent injunction enjoining all of the Defendants named herein, their agents, employees and all other persons, firms, or corporations acting with or for the said Defendants from enforcing or enacting any law, ordinance, regulation or provision having the force and effect of law relating to the price, route or service the Plaintiff as motor carrier may provide or engage in.

32. Plaintiff has suffered, and will continue to suffer, irreparable injury if Defendants are not enjoined from enforcing the Illinois Commercial Relocation of Trespassing Vehicles Act.

## Relief Requested: Money Damages

33. Plaintiff hereby realleges and incorporates paragraphs 1 through 32 as if fully set forth herein.

34. Plaintiff has suffered damages as a direct and proximate cause of a deprivation of her civil liberties caused by the enforcement of the official policies of the State of Illinois and the Illinois Commerce Commission, as described within the body of this Complaint.

35. Pursuant to 42 U.S.C. Sect. 1983, et seq., the Plaintiff is entitled to recover those actual damages incurred as a direct and proximate result of the deprivation of her rights, privileges and immunites, including but not limited to, the following damages:

   a. Loss of income;

   b. Loss of business;

   c. Loss of profits;

   d. Deprivation of Plaintiff's Constitutional rights; and

   e. Other losses and damages not yet known.

WHEREFORE, Plaintiff, Laurie Raymond, d/b/a A-1 Towing, respectfully requests this Court as follows:

A. To determine and declare that those provisions of the Illinois Commercial Relocation of Trespassing Vehicles Law which regulate prices, routes or services of tow truck operations are expressly preempted by 49 U.S.C. Sect. 14501(c)(1) and (2).

B. Issue a preliminary and permanent injunction enjoining and restraining the State

of Illinois and the Illinois Commerce Commission, their officers, agents, employees, successors, attorneys, and all those in active concert or participation wit them, from enforcing and provisions of the said Illinois Commercial Relocation of Trespassing Vehicles Law, to the extent that the statute regulates and limits Plaintiff's ability to engage in the service of towing vehicles which illegally park on private property.

C. Award to Plaintiff her reasonable court costs and attorney's fees pursuant to 42 U.S.C. Sect. 1998.

D. Award money damages to Plaintiff as requested above.

E. Award to Plaintiff such other and further relief as this Court may deem proper.

<br>

Respectfully submitted,
Laurie Raymond, d/b/a A-1 Towing,

By: /s/ Terry L. Deck
Terry L. Deck,
Her Attorney

## VERIFICATION

Now comes Laurie Raymond, d/b/a A-1 Towing, Plaintiff herein, and states, under oath, and under penalty of perjury, attests that she has read the Complaint to which this Verification is attached, that she is familiar with the contents thereof, and that the statements contained therein are true, correct and complete, to the best of her knowledge, information and belief.

_____
Laurie Raymond

Subscribed and sworn before me
this 14th day of May, 2003.

_____
Notary Public

OFFICIAL SEAL
PAMELA SUSAN MUTTON
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES MAY 17, 2004

Terry L. Deck
Attorney for Plaintiff
Freeman Square, Suite 300
910 Second Avenue
Rockford, Illinois 60014
(815) 969-8800
(815) 969-8821 (fax)