UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| LAURIE RAYMOND, d/b/a A-1 TOWING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ROD R. BLAGOJEVICH, as Governor of the State of Illinois, | ) |
| and | ) |
| ILLINOIS COMMERCE COMMISSION, EDWARD C. HURLEY, as Chairman of the Illinois Commerce Commission, LULA M. FORD, MARY FRANCES SQUIRES, KEVIN K. WRIGHT and ERIN O'CONNELL-DIAZ, all in their capacity as Commissioners of the Illinois Commerce Commission; and SCOTT WISEMAN, as Executive Director of the Illinois Commerce Commission, | ) NO. 03 C 50195 |
| Defendant. | ) |

## AMENDED MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

NOW COMES LAURIE RAYMOND, d/b/a A-1 TOWING, Plaintiff herein, by her attorney, Terry L. Deck, and respectfully requests this Court to enter a temporary restraining order and a preliminary injunction prohibiting the above-named Defendants, from enforcing those sections of the "Illinois Commercial Relocation of Trespassing Vehicles Law," 625 ILCS 5/18a, et. seq., which are preempted by the Interstate Commerce Act, 49 U.S.C. Sect. 14501(c)(1) and (2).

1

Facts

1. The above-named Plaintiff has filed a verified Complaint challenging selected portions of the "Illinois Commercial Relocation of Trespassing Vehicles Laws," 625 ILCS 5/18a, et seq.

2. Plaintiff operates a towing business which comes under the regulation of that State statute and Plaintiff's business is classified as a "commercial vehicle relocator" thereunder.

3. As set out in Plaintiff's verified Complaint, the State statute in question is enforceable in Winnebago County, Illinois. Defendant has been informed, and reasonably believes that the effective enforcement date of the statute in Winnebago County was May 1, 2003.

4. That the challenged sections of the statute in question are clearly preempted by the Interstate Commerce Act. As stated in her verified Complaint, the Interstate Commerce Act allows State regulation in only three areas:

   (a). The "safety regulatory authority of a State with respect to motor vehicles,"

   (b). The authority of a State to require minimum amounts of insurance. (49 U.S.C. 14501(c)(2)(A), and

   (c). The authority of a State to regulate the price charged for towing performed without the consent or authorization of the owner of the towed vehicle (49 U.S.C. 14501(c)(2)(C).

2

5. The plain language of the Interstate Commerce Act prohibits States from enacting legislation regulating to the "price, route or service of any motor carrier." (49 U.S.C. 14501(c)(1).

### Basis for Injunctive Relief

6. Plaintiff has a clear and unambiguous right to conduct her towing and wrecker business, which primarily involves towing vehicles which have been illegally parked on private property.

7. Plaintiff's right to conduct her business is being violated by the various requirements and regulations of that business found in the Illinois statute complained of herein. Plaintiff alleges that the statute's requirement that she obtain a relocator's license before engaging in her business not only violates the quoted provisions of the Interstate Commerce Act, but also constitutes an undue financial burden on the business itself.

8. Specifically, and as noted in the verified Complaint filed herein, the state Statute, among other provisions, requires Plaintiff to have an employee available "at any time" on the premises owed by the relocator for the purpose of arranging the "immediate release" of towed vehicles. (625 ILCS 5/18a-300(15). In effect, the statute requires Plaintiff to hire an additional employee or employees to be available at all times, "on the premises owned by the relocator," being the lot or lots on which vehicles are stored. Plaintiff is simply unable to afford such additional employees and this requirement seriously threatens her right and her ability to conduct her business.

9. This is also the case because acquisition of the relocator's license requires that

3

the relocator "conform to provisions of this Chapter and the requirements, rules and regulations of the Commission thereunder." Defendant contends, therefore, that she could not obtain a relocator's license as she is unable to comply with all of the provisions of the Statute. Furthermore, as stated above, many of the "requirements, rules and regulations" in question are preempted by the Interstate Commerce Act.

10. Plaintiff has no adequate remedy at law.

11. Plaintiff will suffer irreparable injury if this Court does not issue a temporary restraining order, and, following a hearing, a preliminary injunction.

12. That the harm which Plaintiff will suffer if injunctive relief is denied far outweighs any conceivable harm which Defendants will experience if the injunction is granted.

13. That the issuance of a temporary restraining order and preliminary injunction will do no disservice to the public interest.

## Bond Requirement

14. Fed. R. Civ. P. 65(c) requires that a bond be posted as a condition for a preliminary injunction.

15. That there is no economic burden which will be suffered by Defendant if injunctive relief is granted.

16. Plaintiff requests that the Court exercise its discretion and require that Plaintiff post no bond, or a very minimal bond.

WHEREFORE, the above-named Plaintiff, LAURIE RAYMOND d/b/a A-1

4

TOWING, respectfully requests this Court to issue a temporary restraining order, and, following a hearing, a preliminary injunction, preventing the Defendant named herein from enforcing those sections of the "Illinois Commercial Relocation Of Trespassing Vehicles Law" complained of.

Respectfully submitted,
Laurie Raymond, d/b/a A-1 Towing,

By: /s/ Terry L. Deck
Terry L. Deck,
Her Attorney

Terry L. Deck
Attorney for Plaintiff
Freeman Square, Suite 300
910 Second Avenue
Rockford, Illinois 60014
(815) 969-8800
(815) 969-8821 (fax)