UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| LAURIE RAYMOND, d/b/a A-1 TOWING, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ROD R. BLAGOJEVICH, as Governor of the ) <br> State of Illinois, ) <br> and ) <br> ) <br> ILLINOIS COMMERCE COMMISSION, ) <br> EDWARD C. HURLEY, as Chairman of ) <br> the Illinois Commerce Commission, LULA ) <br> M. FORD, MARY FRANCES SQUIRES, ) <br> KEVIN K. WRIGHT and ERIN ) <br> O'CONNELL-DIAZ, all in their capacity ) <br> as Commissioners of the Illinois Commerce ) <br> Commission; and SCOTT WISEMAN, as ) <br> Executive Director of the Illinois Commerce ) <br> Commission, ) <br> ) <br> Defendants. ) | NO. 03 C 50195 |

**BRIEF IN SUPPORT OF PLAINTIFF'S AMENDED COMPLAINT FOR
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Terry L. Deck
Attorney for Plaintiff
Freeman Square, Suite 300
910 Second Avenue
Rockford, IL. 61104
(815)969-8800

## **TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | FACTUAL BACKGROUND | 2 - 4 |
| III. | STANDARDS FOR ISSUANCE OF A PRELIMINARY INJUNCTION | 5 - 6 |
| IV. | ARGUMENT | 6 - 13 |
| | A. PLAINTIFF WILL LIKELY SUCCEED ON THE MERITS | 6 - 11 |
| | B. IRREPARABLE HARM TO PLAINTIFF | 11 - 12 |
| | C. PLAINTIFF HAS NO ADEQUATE REMEDY AT LAW | 12 |
| | D. THREATENED HARM TO PLAINTIFF OUTWEIGHS HARM TO DEFENDANTS | 12 - 13 |
| V. | CONCLUSION | 13 - 14 |

## **TABLE OF AUTHORITIES**

Duct-O-Wire Co., v. U.S. Crane, Inc., 31 F.3d 506 (7th Cir. 1994) . 5

Ayres v. City of Chicago, 125 F.3d 1010 (7th Cir. 1997) . . 5 - 6

City of Columbus v. Ours Garage and Wrecker Service, Inc.,
    122 S.Ct. 2226 (2002) . . . . . . 8

Curtis v. Thompson, 840 F2d 1291 (7th Cir. 1988) . . . 12 - 13

## I. INTRODUCTION

This matter comes before the Court on Plaintiff's Amended Motion for Temporary Restraining Order and Preliminary Injunction. Plaintiff alleges that certain provisions of the Illinois Commercial Relocation of Trespassing Vehicles Act, 625 ILCS 5/18a, et seq, are preempted by federal law, namely, the Interstate Commerce Act, 49 U.S.C. 14501(c).

Because the State statute in question unconstitutionally impinges on Plaintiff's ability to operate her business and earn a livelihood therefrom, which impingement constitutes irreparable harm to Plaintiff as a matter of law, Plaintiff argues that the Court should enter the requested injunctive relief against Defendants.

## II. FACTUAL BACKGROUND

Plaintiff, Laurie Raymond, is the owner and sole proprietor of a business known as "A-1 Towing." The said business tows motor vehicles that have been illegally parked on private property within the City of Rockford, Illinois.

The State of Illinois has enacted the "Illinois Commercial Relocation Of Trespassing Vehicles Law", 625 Illinois Compiled Statutes 5/18a, et. seq. This statutory scheme promulgates definitions, rules, requirements, etc., for towing businesses which, like Plaintiff's, remove vehicles illegally parked on private property and which are thereafter stored until reclaimed by the vehicle owner. A copy of 625 ILCS 5/18a, et seq, is attached to this Brief as exhibit "A."

Article I of the statute cited above delegates enforcement and administrative

1

authority to the Illinois Commerce Commission (hereafter referred to as "the Commission"). The relevant language regarding this delegation, and defining the policy underlying the Statute, is as follows:

> It is hereby declared to be the policy of the State of Illinois to supervise and regulate the commercial removal of trespassing vehicles from private property, and the subsequent relocation and storage of such vehicles in such manner as to fairly distribute rights and responsibilities among vehicle owners, private property owners and commercial vehicle relocators, and for this purpose the power and authority to administer and to enforce the provisions of the Chapter shall be vested in the Illinois Commerce Commission. (625 ILCS 5/18a-101). (Emphasis added)

"Commercial vehicle relocator" is defined as " . . . any person or entity engaged in the business of removing trespassing vehicles from private property by means of towing or otherwise, and thereafter relocating and storing such vehicles." (625 ILCS 5/18a-100(1). Plaintiff is a "commercial vehicle relocator" within the meaning of the statute and, therefore, comes under the regulatory authority of the State statute cited above.

Article III of the Statute enumerates a number of unlawful practices for businesses engaged as commercial vehicle relocators. Significantly, for example, the Statute makes it unlawful for a commercial vehicle relocator to operate such a business without a valid relocator's license, as provided for in Article IV of the Statute. (625 ILCS 5/18a-300(1)). The said Article also requires an "operator's employment permit," (625 ILCS 5/18a-300(2)) and a "dispatcher's employment permit," (625 ILCS 5/18a-300(3)), for various employees of the towing business. Article III also contains language governing many other aspects of a commercial relocating operation. These include, but are not limited to,

2

the following types of requirements and/or prohibitions:

    a. Requiring the commercial vehicle relocator to include his or her relocator's license number in any advertising (625 ILCS 5/18a-300(6);

    b. Removal of the trespassing vehicle from the tow vehicle under certain, defined circumstances (625 ILCS 5/18a-300(9);

    c. Prominent posting of Commission locations and telephone numbers, to which inquiries or complaints regarding the relocator can be sent (625 ILCS 5/18a-300(13) ;

    d. Distribution of written information to owners of trespassing vehicles regarding ". . . relevant statutes, regulations and ordinances governing commercial vehicle relocators . . . . " (625 ILCS 5/18a-300(13.1);

    e. Regulation of the number of miles a vehicle may be towed; (625 ILCS 5/18a-300(14);

    f. Requirement of having an employee of the relocator available " at any time" on the premises owned by the relocator for the purpose of arranging the "immediate release" of a towed vehicle (625 ILCS 5/18a-300(15);

    g. Waiver of all towing fees and storage charges if the vehicle owner is unable to contact the relocator within a certain, specified period of time (625 ILCS 5/18a-300(15);

    h. Requirement that written notice, in the form of a sign or signs to be placed on property from which illegally parked vehicles may be removed, be provided. This section of the statute describes both the size and content of the sign or signs to be posted (625 ILCS 5/18a-302); and,

    i. Prohibition of acting as an "operator" without a valid operator's employment permit (625 ILCS 5/18a-304);

For purposes of this Brief, and Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, the most important requirements are those mandating that

Plaintiff obtain a relocator's license, and the specific regulations noted at "e" and "f" above.

The application procedure for the relocator's license is set out in Article IV of the statute. After the filing of a written application for such a license with the Illinois Commerce Commission, the Commission sets a date for a public hearing on the application. Notice of the hearing date is to be given to the applicant and any other person having an interest in the application. (625 ILCS 5/18a-400(b)). The applicant is then responsible for publishing a notice of the filing of the application at least ten days prior to the hearing date thereon. (625 ILCS 5/18a-400(c))

The statute then goes on to recite that, following the hearing, a relocator's license shall be issued to "any qualified applicant . . . if it is found that the applicant is fit, willing and able properly to perform the service proposed and to conform to provisions of the Chapter and the requirements, rules and regulations of the Commission thereunder; otherwise, such application shall be denied. . . . " (625 ILCS 5/18a-400(d)). Plaintiff contends that this language is highly significant since it provides that issuance of the relocator's license is dependent upon the applicant's ability to conform to all of the regulatory requirements set out in the Statute, including those described in more detail above.

The statute also provides that the relocator's license has an expiration date two years from the date of issuance. The procedure for renewing the license prior to such expiration is also described. (625 ILCS 5/18a-401).

4

## III. STANDARDS FOR ISSUANCE OF A PRELIMINARY INJUNCTION

The Seventh Circuit has defined those standards under which a trial court may grant a preliminary injunction. As that Court ruled, in *Duct-O-Wire Co., v. U.S. Crane, Inc.*, 31 F.3d 506 (7th Cir. 1994): "A District Court may grant a preliminary injunction if the party seeking relief can show (1) that the case has some likelihood of success on the merits; (2) that no adequate remedy at law exists; and (3) that the party seeking relief will suffer irreparable harm if the injunction is not granted." 31 F3d 506 at 509. The Court later added that the "public interest" of non-parties to the litigation must also be considered in such a case. 31 F3d 506 at 509.

That same Court went on to hold that, in the event the moving party satisfies these three conditions, the trial court must then balance any harm which may occur to the Defendant if the injunctive relief is allowed. In this regard, the Court of Appeals stated as follows: "This balancing involves what we have termed a 'sliding scale' analysis: the greater the moving party's chance of success on the merits, the less strong a showing must it make that the balance of harm is in its favor; conversely, the less likely it is that the moving party will succeed on the merits, the more the balance need weigh toward its side." 31 F3d 506 at 509.

In a later case, the Seventh Circuit defined the purpose of a grant of preliminary injunction: " . . . we emphasize that the granting of a preliminary injunction is not a decision on the merits of the plaintiff's suit. It is merely a decision that the suit has enough merit – which need not be great merit – to justify an order that will freeze the

5

situation, in the Plaintiff's favor, for such time as it may take to determine whether the suit is, or is not, meritorious." *Ayres v. City of Chicago*, 125 F3d 1010 at 1013 (7th Cir. 1997.

## IV. ARGUMENT

### A. PLAINTIFF WILL LIKELY SUCCEED ON THE MERITS

As stated in her Amended Complaint for Declaratory and Injunctive Relief, Defendant believes that many of the provisions contained in the "Illinois Commercial Relocation Of Trespassing Vehicles Law", 625 Illinois Compiled Statutes 5/18a, et. seq, are expressly preempted by the Interstate Commerce Act, 49 U.S.C. Sect. 14501(c). That federal statute provides as follows:

> Sect. 14501. Federal authority over intrastate transportation.
> (c). **Motor carriers of property.** (1) **General rule** - Except as provided in paragraphs (2) and (3), **a State, political subdivision of a State, or political authority of 2 or more States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier** (emphasis added). . . .or any motor private carrier, broker, or freight forwarder with respect to the transportation of property.
>
> (2) **Matters not covered.** - Paragraph (1) -
>     (A) **shall not restrict the safety regulatory authority of a State with respect to motor vehicles** (emphasis added), the authority of a State to impose highway route controls or limitations based on the size or weight of the motor vehicle or the hazardous nature of the cargo, **or the authority of a State to regulate motor carriers with regard to minimum amounts of financial responsibility relating to insurance requirements and self-insurance authorization** (emphasis added); and
>         (B) does not apply to the transportation of household goods; and
>         (C) **does not apply to the authority of a State** (emphasis added) or a political subdivision of a State to enact or enforce a law, regulation, or

6

other provision relating to the price of for-hire motor vehicle transportation by a tow truck, if such transportation is performed without the prior consent or authorization of the owner or operator of the motor vehicle.

Further, and also as stated in Plaintiff's Complaint, Plaintiff is a "motor carrier" and/or "motor private carrier," as defined by 49 U.S.C. Sect. 13102(12) and/or (13). Tow trucks and/or wreckers are "motor vehicles" as defined by 49 U.S.C. Sect. 13102(14).

Plaintiff first points out that the clear language of the Act defines the three types of State regulation that are not preempted: (1). Safety regulations with respect to motor vehicles; (2). Requirements for minimum amounts of insurance; and (3). Regulating the price charged for the towing of trespassing vehicles from private property (49 U.S.C. Sect. 14501(c)(2)(A),(C)). Plaintiff notes that she does not challenge those provisions of the State statute creating insurance requirements (625 ILCS 5/18a-301) or those regulating the price to be charged for the towing of trespassing vehicles from private property (625 ILCS 5/18a-200(6). As noted, these regulations and requirements are specifically allowed by the Interstate Commerce Act.

Plaintiff does challenge, however, those regulations under the State statute which do not come under any of those three categories. For this purpose, Plaintiff maintains that the State statutory provisions noted in the "Factual Background" section of this brief are not covered by any of these allowed categories. They are not safety related, and they obviously do not deal with questions of insurance or regulation of price for a defined type of towing. Therefore, since the state statutory provisions quoted above do not fall within any of the allowed categories of regulation, they are prohibited by the following language

7

of the Interstate Commerce Act: "A State, political subdivision of a State, or political authority of 2 or more States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a *price, route, or service* of any motor carrier . . . . " 49 U.S.C. Sect. 14501(c). (emphasis added).

The United States Supreme Court has adopted this interpretation of this preemptive effect of the Interstate Commerce Act. *In City of Columbus v. Ours Garage and Wrecker Service, Inc.*, 122 S.Ct. 2226 (2002), the Court ruled as follows:

> We reiterate that Sect. 14501(c)(2)(A) shields from preemption only "safety regulatory authority" (and "authority of a State to regulate . . . with regard to minimum amounts of financial responsibility relating to insurance requirements"). Local regulation of prices, routes, or services of tow trucks that is not genuinely responsive to safety concerns garners no exemption from Sect. 14501(c)(1)'s preemption rule. 122 S. Ct. 2226 at 2237.

Plaintiff notes that while the *Ours Garage* case dealt specifically with the issue of federal preemption of municipal regulations of towing businesses, the principle of that decision is equally applicable to the instant case. As a result, State or local regulations fall into either one of two categories.

1. They are either specifically authorized by the language of the Interstate Commerce Act and are, therefore, enforceable, or

2. They are regulations of "price, route, or service" and are preempted by the Act.

Defendant asserts that the regulations she has challenged in her Complaint and in this Brief are regulations of "price, route and service" only. For example, and as described above, the Illinois statute in question states that it is unlawful for a commercial

8

relocator " . . . to fail to have an employee available at any time on the premises owned or controlled by the relocator for the purpose of arranging for the immediate release of the [towed] vehicle." The "at any time" language means "at any time during the hours in which the relocator is engaged in the towing of vehicles, or advertised as engaged in the towing of vehicles." (625 ILCS 5/18a-300(15))

Because Plaintiff's business involves the towing of illegally parked vehicles on private property, she is engaged in towing such vehicles at all hours of the day and night. This "at any time" language of the statute, therefore, effectively mandates that she hire additional employees who will be available on her storage lot or lots 24 hours a day to facilitate the release of towed vehicles. Since Plaintiff's only employee in her towing business is her husband, she is simply unable to afford the cost of such additional employees. Clearly this requirement relates to "price, route or service." It is, essentially, part of "consumers' bill of rights" benefitting the owners of towed vehicles. As such, Plaintiff argues that it is preempted and its enforcement should be enjoined.

The State statute also makes it unlawful for a commercial relocator, such as Plaintiff, "To remove any vehicle . . . more than 15 air miles from its location when towed from a location in an unincorporated area of a county or more than 10 air miles from its location when towed from any other location;" (625 ILCS 5/18a-300(14) This requirement has some connection to the provision described in the preceding paragraph. In the event that the point of origin for various tows exceed the mileage limit of ten or fifteen miles stated in the statute, Plaintiff must then permanently staff at least two

9

storage lots, in order to avoid a violation of this mileage requirement. Once again, this specific requirement constitutes another example of a "consumers' bill of rights," obviously intended to reduce the distance an owner of a towed vehicle has to travel in order to reclaim that vehicle. It is not, however, related to safety issues.

Plaintiff's conclusion that the challenged provisions of the State law cited herein is essentially designed to operate as a consumer protection measure is supported by the policy declaration found in the State statute itself. As noted earlier on page two of this Brief, that purpose of the Statute is declared to be as follows: "It is hereby declared to be the policy of this State to supervise and regulate the commercial removal of trespassing vehicles from private property, and the subsequent relocation and storage of such vehicles *in such manner as to fairly distribute rights and responsibilities among vehicle owners, private property owners and commercial vehicle relocators . . . .* " (625 ILCS 5/18a-101). Emphasis added. Significantly, there is no mention of safety concerns of any type.

Plaintiff also notes that an additional practical effect of these regulations is to favor large towing firms that are capable of hiring the additional employees necessary to comply with the statute. Small "mom and pop" businesses like those of the Plaintiff herein, are placed at a very serious economic disadvantage and are unable to compete with those larger towing operations.

Finally, for purposes of this Brief, Plaintiff argues that the commercial relocator licensing scheme created by the "Illinois Commercial Relocation of Trespassing Vehicles Law" is itself a regulation of "price, route or service" and its enforcement enjoined. The

10

procedure for obtaining such a license has been describe on pages four and five of this Brief. Of special concern to Plaintiff is the language of 625 ILCS 5/18a-400(d) which allows the Commission to grant such a license " . . . to any qualified applicant . . . if it is found that the applicant is fit, willing and able properly to perform the service proposed *and to conform to provisions of this Chapter and the requirements, rules and regulations of the Commission thereunder*; otherwise such application shall be denied." (emphasis added).

Therefore, the licensing program created by the Illinois statute in question is directly connected to requirements that are preempted by the Interstate Commerce Act. Indeed, given the language quoted immediately above, Plaintiff cannot obtain such a license unless she satisfies the Commission that she is in compliance with all of the requirements of the State statute, including those that are preempted by federal law.

For the reasons stated, Plaintiff asserts that there is, in fact, a reasonable likelihood that she will prevail on the merits in this matter.

### B. IRREPARABLE HARM TO PLAINTIFF

Plaintiff maintains that the denial of her request for a temporary restraining order and preliminary injunction would cause irreparable harm to her ability to engage in the towing business. Plaintiff believes that it is not an exaggeration to state that, if the preliminary relief is denied, she may lose that business altogether.

Plaintiff simply cannot obtain a relocator's license unless she is in compliance

11

with all of the statutory regulations contained in the State statute, including those challenged by Plaintiff in this proceeding. And, as pointed out above, since Plaintiff is financially unable to comply with certain requirements of the statute in question, she is prevented from obtaining such a license. She will very likely lose business to those larger towing businesses that can afford to hire the employees required by the statute.

Plaintiff also realleges that the very regulations which endanger her business and threaten irreparable harm are preempted by the Interstate Commerce Act.

Defendant's loss, therefore, is irreparable as a matter of law and would justify the trial court in granting the preliminary relief she is requesting.

## C. PLAINTIFF HAS NO ADEQUATE REMEDY AT LAW

Plaintiff maintains that she has no adequate remedy at law. Given the immediacy of the danger to Plaintiff's business, an action for monetary damages would not suffice, by itself, to sufficiently protect her ability to engage in her lawful occupation. The only method for protecting Plaintiff's interests in this proceeding is through the issuance of a temporary restraining order and preliminary injunction against Defendants.

## D. THREATENED HARM TO PLAINTIFF OUTWEIGHS HARM TO DEFENDANTS

In *Curtis v. Thompson*, 840 F2d 1291 (7th Cir. 1988), the Seventh Circuit used the following language to describe its approach to the "balance of harms" issue:

12

> This circuit applies a sliding scale approach in deciding whether to grant or deny preliminary relief, so that even if a plaintiff has less than a 50% chance of prevailing on the merits, he may nonetheless be entitled to the injunction if he can demonstrate that the balance of harm would weigh heavily against him if the relief were not granted . . . .
> 840 F2d 1291 at 1296.

Plaintiff herein argues that when this "sliding scale approach" is applied to the instant case, the balance of harm factor works very substantially in Plaintiff's favor. The harm which threatens Plaintiff if the preliminary relief is denied is nothing less than the potential loss of her business and source of income. Whatever interests Defendants have in the enforcement of the State statute in question cannot outweigh Plaintiff's fundamental interest in maintaining her livelihood. Indeed, Plaintiff asserts that any harm to Defendants' interests will be small in comparison to the loss which she will experience if preliminary injunctive relief is denied.

Therefore, the balance of harms issue tips sharply in favor of Plaintiff.

## V. CONCLUSION

For the reasons set forth in this Brief, the licensing and other provisions of the Illinois Commercial Relocation of Vehicles Law described herein are unconstitutional and are preempted by federal law, namely, 49 U.S.C. 14501(c).

Because the State statute in question is unconstitutional, and because Plaintiff has satisfied all of the requirements for issuance of a Temporary Restraining Order pursuant to Federal Rule of Civil Procedure 65, this Court should grant a Temporary Restraining

Order prohibiting the Defendants from enforcing the challenged provisions of that said State statute. This specifically includes the licensing and related provisions described in this Brief. Thereafter, Plaintiff requests that a preliminary injunction be granted to prevent enforcement of the challenged provisions of the Illinois Commercial Relocation of Vehicles Law.

Respectfully Submitted,

_____
Attorney for Plaintiff

Terry L. Deck
Attorney for Plaintiff
Freeman Square, Suite 300
910 Second Avenue
Rockford, IL. 61104
(815) 969-8800

## CERTIFICATE OF SERVICE

The undersigned, being the attorney of record for Plaintiff, Laurie Raymond, d/b/a A-1 Towing, hereby certifies that he caused a copy of the following: Brief In Support Of Plaintiff's Amended Motion for Temporary Restraining Order and Preliminary Injunction, to be served upon:

Deborah L. Simpson
David Askew
Assistant Attorneys General
Office of the Attorney General
100 W. Randolph St., 13th Fl.
Chicago, IL. 60601

placing a true and correct copy of said Brief in an envelope and addressed as shown above.

That he sealed said envelope(s) and placed sufficient U.S. postage on each; that he deposited said envelopes so sealed and stamped in the United States Mail at Rockford, Illinois, at or about the hour of 1:00 P.M. on the 23rd day of May, 2003.

_____
TERRY L. DECK

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| LAURIE RAYMOND, d/b/a A-1 TOWING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ROD R. BLAGOJEVICH, as Governor of the ) | |
| State of Illinois, ) | |
| and ) | |
| ) | |
| ILLINOIS COMMERCE COMMISSION, ) | NO. 03 C 50195 |
| EDWARD C. HURLEY, as Chairman of ) | |
| the Illinois Commerce Commission, LULA ) | |
| M. FORD, MARY FRANCES SQUIRES, ) | |
| KEVIN K. WRIGHT and ERIN ) | |
| O'CONNELL-DIAZ, all in their capacity ) | |
| as Commissioners of the Illinois Commerce ) | |
| Commission; and SCOTT WISEMAN, as ) | |
| Executive Director of the Illinois Commerce ) | |
| Commission, ) | |
| ) | |
| Defendants. ) | **NOTICE OF FILING** |

To: Deborah L. Simpson
David Askew
Assistant Attorneys General
Office of the Attorney General
100 W. Randolph St., 13th Fl.
Chicago, IL. 60601

**PLEASE TAKE NOTICE** that, on the 23rd day of May, 2003, I have filed with the Clerk of the Court for the Northern District of Illinois, Western Division, the original and one copy of the following: Brief In Support Of Plaintiff's Amended Motion for Temporary Restraining Order and Preliminary Injunction, copies of which are hereby

served upon you.

                                                                                            Terry L. Deck

Terry L. Deck
Attorney for Plaintiff
Freeman Square, Suite 300
910 Second Avenue
Rockford, IL. 61104
(815) 969-8800
(815) 969-8821 (fax)