FILED-WD

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION** 3 MAY 28 AM 10: 19

U.S. DISTRICT COURT

| | |
|---|---|
| LAURIE RAYMOND, d/b/a A-1 TOWING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 03 C 50195 |
| ) | |
| ROD R. BLAGOJEVICH, as Governor of ) | The Honorable Philip G. Reinhard |
| the State of Illinois, and ILLINOIS COMMERCE ) | |
| COMMISSION, EDWARD C. HURLEY, as ) | |
| Chairman of the Illinois Commerce Commission, ) | |
| LULA M. FORD, MARY FRANCES SQUIRES, ) | |
| KEVIN K. WRIGHT and ERIN O'CONNELL- ) | |
| DIAZ, all in their capacity as Commissioners of ) | |
| the Illinois Commerce Commission; and SCOTT ) | |
| WISEMAN, as Executive Director of the Illinois ) | |
| Commerce Commission, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
## FOR A TEMPORARY RESTRAINING ORDER

LISA MADIGAN
Illinois Attorney General

DEBORAH L. SIMPSON
Assistant Attorney General
General Law Bureau
100 West Randolph Street
Chicago, Illinois, 60601
(312) 814-3327



## **TABLE OF CONTENTS**

I.  INTRODUCTION ................................................... 3

II. STANDARD OF REVIEW ............................................. 5

III. ARGUMENT ...................................................... 6
    1.    Plaintiff Does Not Have a Likelihood of Success on the Merits. ............ 7
    2.    The Regulations Plaintiff Complains of are Reasonably Related to Safety Concerns. ............................................ 9
    3.    Plaintiff Has not Established that She has no Adequate Remedies at Law ................................................... 10

IV. CONCLUSION ................................................... 10

i

# TABLE OF AUTHORITIES

**STATUTES:**

Illinois Commercial Relocation of Trespassing Vehicles Law,
625 ILCS 5/18a-100 et seq. . . . . . . . 1, 5

625 ILCS 5/18a-101 . . . . . . . . 2

625 ILCS 5/18a-700(a). . . . . . . . 2

Federal Preemption Statute 49 U.S.C. §14501(c)(1) and (2). . . 3, 4, 5, 7, 9

H.R. Conf. Rep. No. 103-677, at 86-87, reprinted in
1994 U.S.C.C.A.N. at 1758-59. . . . . . . 6

**CASES:**

*Ace Auto Body & Towing, Ltd. v. City of New York* 171 F.3d 765,
(C.A.2 (N.Y.),1999). . . . . . . . . 5, 6, 7, 8

*Abbott Labs. v. Mead-Johnson & Co.,* 971 F.2d 6, 11-12 (7th Cir.1992). . 4

*Duct-O-Wire Co. v. U.S. Crane, Inc.* 31 F.3d 506, 508 (C.A.7 (Wis.),1994). 3

*Medtronic, Inc. v. Lohr*, 518 U.S. 470, 484, (1996). . . . . 4

*Passon v. TCR, Inc.,* 242 Ill.App.3d 259 (2nd Dist. 1993). . . . 4

*People ex rel. Renne v. Servantes*, 103 Cal. Rptr. 2d 870, 878 (Cal. Ct. App.),
petition for cert. filed, 70 U.S.L.W. 3162 (U.S. Aug. 14, 2001) (No. 01-336). 7, 8

*Retail Clerks Int'l Ass'n, Local 1625 v. Schermerhorn*, 375 U.S. 96, 103, (1963). 4

*Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230, (1947). . . 4

*Stanton v. City of Chicago*, 17 Ill.App.3d 519, 523 (1st Dist. 1988). . 5

*Storck USA L.P v. Farley Candy Co.,* 14 F.3d 311, 313-314 (7th Cir.1994). 3, 4, 5

*Tocher v. City of Santa Ana*, 219 F.3d 1040, 1043 (9th Cir. 2000)
(Santa Ana ordinances), cert. denied, 531 U.S. 1146 (2001). . . 8

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION

| | |
|---|---|
| LAURIE RAYMOND, d/b/a A-1 TOWING,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>ROD R. BLAGOJEVICH, as Governor of  )<br>the State of Illinois, and ILLINOIS COMMERCE  )<br>COMMISSION, EDWARD C. HURLEY, as  )<br>Chairman of the Illinois Commerce Commission,  )<br>LULA M. FORD, MARY FRANCES SQUIRES,  )<br>KEVIN K. WRIGHT and ERIN O'CONNELL-  )<br>DIAZ, all in their capacity as Commissioners of  )<br>the Illinois Commerce Commission; and SCOTT  )<br>WISEMAN, as Executive Director of the Illinois  )<br>Commerce Commission,  )<br>)<br>Defendants.  ) | No.   03 C 50195<br><br>The Honorable Philip G. Reinhard |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
## FOR A TEMPORARY RESTRAINING ORDER

NOW COMES the Defendants, ROD R. BLAGOJEVICH, as Governor of the State of Illinois, and the ILLINOIS COMMERCE COMMISSION, EDWARD C. HURLEY, as Chairman of the Illinois Commerce Commission, by their attorney, LISA MADIGAN, Illinois Attorney General, through Assistant Attorney General Deborah L. Simpson and hereby submit their Response to the Plaintiffs' Motion for a Temporary Restraining Order.

### I.   INTRODUCTION

In 1978, the General Assembly passed Public Act 76-1586, the Illinois Commercial Relocation of Trespassing Vehicles Law, 625 ILCS 5/18a-100 et seq. which was effective January 1, 1979 and vested the power and authority to administer and to enforce the provisions of

-1-

this Chapter in the Illinois Commerce Commission. 625 ILCS 5/18a-101. This Public Act applied specifically to counties in excess of 1,000,000 but could be adopted by counties of less than 1,000,000. 625 ILCS 5/18a-700(a). Until May 1, 2003 the statute applied in Cook County, which has a population of 1,000,000 or more, as well as Du Page, Kane and Will Counties by adoption. Winnebago County recently adopted the statute and it became effective in Winnebago County on May 1, 2003.

On May 12, 2003, Plaintiff filed a Complaint for Declaratory and Injunctive Relief and a separate Motion for a Temporary Restraining Order. The Complaint filed by the Plaintiff named the "State of Illinois" as the only Defendant. On May 14, 2003 Plaintiff filed a written motion, seeking leave of Court to file an amended complaint and motion changing the Defendant, with this motion being granted by the Court. On May 15, 2003, the Plaintiff filed an amended complaint and an amended motion naming "Rod R. Blagojevich, as Governor of the State of Illinois" and Illinois Commerce Commission, Edward C. Hurley, as Chairman of the Illinois Commerce Commission, Lula M. Ford, Mary Frances Squires, Kevin K. Wright and Erin O'Connell-Diaz, all in their capacity as Commissioners of the Illinois Commerce Commission and Scott Wiseman, as Executive Director of the Illinois Commerce Commission, as the Defendants. Governor Blagojevich is named as a Defendant solely in his official capacity as Governor of the State of Illinois.

Plaintiff's complaint for declaratory and injunctive relief seeks (1) a declaration that the "Commercial Relocation of Trespassing Vehicles Law, specifically the sections described by the Plaintiff in paragraphs 9, 10, and 18-22 as well as any other sections of the statute that have the force and effect of law, relating to the price, route or service a motor carrier may engage in or

provide are preempted by 49 U.S.C. §14501(c)(1) and (2);" (2) issue a preliminary and permanent injunction enjoining and restraining the Defendants from enforcing any provisions of the said Illinois Commercial Relocation of Trespassing Vehicles Law, to the extent that the statute regulates and limits Plaintiff's ability to engage in the service of towing vehicles which illegally park on private property; (3) award Plaintiffs her reasonable court costs and attorneys fees; (4) award money damages to Plaintiff and (5) award Plaintiff such other relief as the Court deems proper.

Additionally, Plaintiff filed a motion for temporary restraining order and preliminary injunction. For the following reasons, Plaintiff's motion should be denied.

On May 23, 2003, Defendant Governor Blagojevich filed a Motion to Dismiss Plaintiff's Complaint which is scheduled to be heard contemporaneously with the motion for the Temporary Restraining Order.

## II. STANDARD OF REVIEW

A district court has considerable discretion in deciding whether to grant or deny a motion for a preliminary injunction. *Duct-O-Wire Co. v. U.S. Crane, Inc.* 31 F.3d 506, 508 (C.A.7 (Wis.),1994) A district court may grant a preliminary injunction if the party seeking relief can show (1) that the case has some likelihood of success on the merits; (2) that no adequate remedy at law exists; and (3) that the party seeking relief will suffer irreparable harm if the injunction is not granted. *Storck USA L.P v. Farley Candy Co.*, 14 F.3d 311, 313-314 (7th Cir.1994). If the moving party satisfies these conditions, then the court must balance the harm to the nonmoving party if relief is granted. *Id.* at 314. This balancing involves what the Court has

termed a "sliding scale" analysis: the greater the moving party's chance of success on the merits, the less strong a showing must it make that the balance of harms is in its favor; conversely, the less likely it is that the moving party will succeed on the merits, the more the balance need weigh towards its side. *Abbott Labs. v. Mead-Johnson & Co.*, 971 F.2d 6, 11-12 (7th Cir.1992). The court must also consider the public interest in terms of the consequences of granting or denying an injunction to non-parties. *Storck USA*, 14 F.3d at 314.

In the case before this Court, the question involves the viability of a state statute, and an interpretation of whether specific regulations enunciated by the statute can be considered as safety regulations. Where, as with 49 U.S.C. § 14501(c), a federal statute expressly preempts state or local law, "analysis of the scope of the pre-emption statute must begin with its text." *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 484, (1996). And, we must also "start with the assumption that the historic police powers of the States [are] not to be superseded ... unless that was the clear and manifest purpose of Congress." Id. at 485, (quoting *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230, (1947)). As such, Congress' purpose is the "ultimate touchstone" of preemption analysis. Id. (quoting *Retail Clerks Int'l Ass'n, Local 1625 v. Schermerhorn*, 375 U.S. 96, 103, (1963)).

### III.  ARGUMENT

This court should deny Plaintiff's motion for failure to make the requisite showing necessary for a TRO. The purpose of a temporary restraining order is to preserve the status quo for a short duration until the court has time to hear evidence for a preliminary injunction. *Passon v. TCR, Inc.*, 242 Ill.App.3d 259 (2nd Dist. 1993). A temporary restraining order is an emergency remedy issued upon a summary showing of the necessity of the order to prevent immediate and

irreparable harm. *Stanton v. City of Chicago*, 17 Ill.App.3d 519, 523 (1st Dist. 1988). For a TRO to issue, the movant must have a *verified* complaint factually stating a cause of action for injunctive relief and also show (1) that the case has some likelihood of success on the merits; (2) that no adequate remedy at law exists; and (3) that the party seeking relief will suffer irreparable harm if the injunction is not granted. *Storck USA L.P v. Farley Candy Co.,* 14 F.3d 311, 313-314 (7th Cir.1994).

1.  **Plaintiff Does Not Have a Likelihood of Success on the Merits.**

In preserving the "safety regulatory authority of a State" with respect to the intrastate regulation of motor carriers, Congress not only chose to remove safety regulations from the preemptive reach of § 14501(c)(1) but also preserved the traditional power of States to choose how, when and where that safety authority was exercised--whether through laws enacted by state legislatures, regulations promulgated by executive-branch state agencies, ordinances passed by local governments, or by some combination of the above. The precise issue before the Court is whether the Illinois Commercial Relocation of Trespassing Vehicle Laws, found at 625 ILCS 5/18a-100 et seq. are properly characterized under § 14501(c) as safety regulations or as economic regulations.

In *Ace Auto Body & Towing, Ltd. v. City of New York* 171 F.3d 765, (C.A.2 (N.Y.),1999) the Court was wrestling with similar issues. In addition to the question of rotating which towing company would be dispatched, to eliminate "chasing" the parties also challenged specific requirements regarding licensing, display of information, reporting, record keeping, criminal history, insurance, posting of bond, and maintenance of storage and repair facilities. The Court found that:

Guided by this precedent,

> [to overcome the anti-preemption presumption, a party challenging a statute must convince a court that there is something in the practical operation of the challenged statute to indicate that it is the type of law that Congress specifically aimed to have [ERISA] supersede. *Ace Auto Body & Towing, Ltd.* 171 F.3d at 772.]

we adopt a similar approach to § 14501(c) and its application to the New York City towing laws. On the one hand, as discussed earlier, the broad "related to" language of § 14501(c)(1) generally preempts economic regulation by the states within the field of intrastate towing. On the other hand, the statutory text, Congress' aim to leave the states' residual control over safety and other local concerns intact, and the presumption against preemption of historic state police power, argue against finding preemption where only incidental economic burdens can be discerned. In the present circumstances, where these competing concerns collide, we are persuaded, for reasons we will explain in a moment, that the starting presumption against preemption of state law has not been overcome. *Ace Auto Body & Towing, Ltd.* 171 F.3d at 774.

Although the Court found that the legislative history clearly illustrates Congress' deregulatory purpose, they determined that the legislative history was ambiguous as to the scope of that purpose. *Auto Body & Towing, Ltd.* 171 F.3d at 776. The Court determined that, the reports issued in connection with § 14501 suggest that its primary purpose was to eliminate local economic regulation, not local safety regulation and referred readers to H.R. Conf. Rep. No. 103-677, at 86-87, reprinted in 1994 U.S.C.C.A.N. at 1758-59.

Because the Court felt that the scope of Congress' purpose was unclear, the Court indicated that it was hesitant to construe the text of § 14501 in such a manner as to frustrate unnecessarily the ability of municipalities to respond to the local safety concerns created by local towing industries. *Auto Body & Towing, Ltd.* 171 F.3d at 776. Similarly, in the case at bar the Court should be hesitant to grant the Temporary Restraining Order sought by Plaintiff, thereby

-6-

setting aside and interfering with the counties ability to regulate the towing of trespassing vehicles with respect to safety concerns. Such hesitance, furthermore, is consistent with the presumption against preemption of state and local regulations enacted under their historic police powers. *Auto Body & Towing, Ltd.* 171 F.3d at 776.

2. **The Regulations Plaintiff Complains of are Reasonably Related to Safety Concerns.**

On the question of whether the licensing, display of information, criminal history and maintenance of storage and repair facilities etc., the court found that they related directly to safety and financial responsibility and were therefore within the Section 14501 (c)(2)(A) exemptions:

> In addition to challenging the DARP, SARD, and ROTOW programs generally, plaintiffs also challenge the City's specific requirements regarding licensing, display of information, reporting, record keeping, criminal history, insurance, posting of bond, and maintenance of storage and repair facilities. Most of these requirements are so directly related to safety or financial responsibility and impose so peripheral and incidental an economic burden that no detailed analysis is necessary to conclude that they fall within the § 14501(c)(2)(A) exemptions. *Ace Auto Body & Towing, Ltd. v. City of New York* 171 F.3d 765, 777 (C.A.2 (N.Y.),1999)

The City of New York was not the only governmental entity to wrestle with the safety issue question. In *People ex rel. Renne v. Servantes*, 103 Cal. Rptr. 2d 870, 878 (Cal. Ct. App.), petition for cert. filed, 70 U.S.L.W. 3162 (U.S. Aug. 14, 2001) (No. 01- 336) the California Courts confronted at least one of the issues raised by the Plaintiff, i.e. the longer hours of operation requirement.

> Nor are these the only safety problems that have required American cities to regulate local towing operations. To reduce their costs, towing companies increasingly demand cash-only payments from

vehicle owners, store cars in desolate and unsafe parking facilities, and limit their hours of operation. The dangers associated with vehicle retrieval, a California court recently observed, were demonstrated by one individual who described his plight--and his concern for his safety--that ensued upon his return to a private parking lot one Saturday evening to find his car missing and no one in the parking lot. ... [After determining that his car was not stolen,] Griffith took [a] taxi to the "tow yard" and, concerned about its location, asked the taxi driver to wait with him while he retrieved his car. Griffith went to the gate, and the person there said he could not let him in and that he had to wait. After some 20 minutes, Griffith "ran out of money" [and the taxi left]. ... Griffith waited [alone outside] for another 45 minutes to an hour until [the tow operator] arrived. Griffith got out his credit card, to be expressly told that his credit card "won't be accepted." *People ex rel. Renne* 103 Cal. Rptr. 2d at 878. To remedy these safety problems, cities have passed ordinances requiring towing companies (1) to accept credit cards, cash or checks for the release of towed vehicles, (2) to stay open for extended hours, and (3) to notify the police after towing a vehicle from private property. See, e.g., id. at 874 (San Francisco ordinances); *Tocher v. City of Santa Ana*, 219 F.3d 1040, 1043 (9th Cir. 2000) (Santa Ana ordinances), cert. denied, 531 U.S. 1146 (2001).

Preemption analysis does not insist upon a least restrictive means test. For these regulations to escape federal preemption, it is enough, in light of the text and history of § 14501(c), that the storage and repair provisions are reasonably related to the safety aspects of towing disabled vehicles and that the economic burdens thereby imposed are only incidental. *Ace Auto Body & Towing, Ltd.* 171 F.3d at 777.

3. **Plaintiff Has not Established that She has no Adequate Remedies at Law**

Plaintiff has not established that she has exhausted her administrative remedies, nor has she established that no adequate remedy at law exists, in fact, the opposite is true. Plaintiff in her Complaint for Declaratory Judgement is seeking, among other things, money damages. Clearly she believes that she has a right to money damages, which are generally considered to

bean adequate remedy at law.

Plaintiff, in her complaint has indicated that she has suffered or will suffer irreparable harm because she simply cannot obtain a relocator's license. Absent from Plaintiff's complaint is any facts supporting said claim. Plaintiff has not alleged or established that she has applied for a license and the license has been denied, or that she sought administrative review of said denial.

Furthermore, Plaintiff has not established that she has a right to operate as a relocator. The State has a recognized interest in ensuring the safety of its citizens and their property, including individuals whose vehicles are towed without their consent.

## IV. CONCLUSION

Plaintiffs motion for a TRO should be denied because the regulations complained of are reasonably related to the safety aspects of towing vehicles and consistent with its longstanding tradition of allowing state and local governments to regulate both interstate and intrastate motor vehicle safety Congress excepted from preemption the "safety regulatory authority of a State." 49 U.S.C. § 14501(c)(2)(A).

**WHEREFORE**, for the foregoing reasons, Defendants, respectfully request that this Honorable Court deny Plaintiff's Amended Motion for Temporary Restraining Order.

Respectfully Submitted,

LISA MADIGAN
Illinois Attorney General

DEBORAH L. SIMPSON
Assistant Attorney General
General Law Bureau
100 West Randolph Street
Chicago, Illinois, 60601
(312) 814-3327

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS FILED-WD
WESTERN DIVISION

2003 MAY 28 AM 10: 19

U.S. DISTRICT COURT

| | |
|---|---|
| LAURIE RAYMOND d/b/a, ) | |
| A-1 TOWING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 03 C 50195 |
| ) | |
| ROD R. BLAGOJEVICH, as Governor of ) | Honorable Philip G. Reinhard |
| the State of Illinois, et al., ) | Judge Presiding |
| ) | |
| Defendant(s). ) | |

## NOTICE OF FILING

TO: Terry L. Deck, Esq.
910 Second Avenue
Freeman Square, Suite 300
Rockford, Illinois 61104

**PLEASE TAKE NOTICE** that on May 28, 2003, the attached **DEFENDANT'S RESPONSE TO PLAINTIFF'S AMENDED COMPLAINT FOR TEMPORARY RESTRAINING ORDER** was filed with the Clerk of the United States District Court for the Northern District of Illinois, Western Division, at 211 S. Court Street, Federal Building, Rockford, IL 61101, a copy of which is herewith served upon you.

Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois

*Deborah R. Simpson*
DEBORAH L. SIMPSON
Assistant Attorney General
Office of the Attorney General
100 W. Randolph St., 13th Flr.
Chicago, Illinois 60601
(312) 814-3327

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that a copy of each the foregoing documents, Defendants Motion was served upon the above named individual by facsimile and U.S. Mail on May 28, 2003.

*Deborah R. Simpson*